## GOODRICH v. JENKINS.

Foreign judgments—conclusive—irregular—void—breaches under the statute on a penal bond.

Judgments in our sister states where the party had day in court are evidence of what appears in the record, and no examination into their regularity is permitted here.

The judgment of a competent and authorized court upon a subject within its jurisdiction, is conclusive until reversed, however irregular.

The judgment of courts having no jurisdiction of the subject is void.

Irregular judgments should be examined before a Court of Errors.

[Goodrich v. Jenkins.]

The omission of the plaintiff in New York in a suit on a penal bond to assign breaches and assess the damages according to the statute of that state, is no defence to a suit on the judgment here.

DEBT on a judgment rendered in New York, in January, 1820. Pleas. 1. That by the law of New York, in any action upon the penalty of a bond, where there is a condition annexed, the plaintiff may assign breaches and assess damages—that the bond on which the judgment was had, was conditioned to pay $1000, and no breaches were assigned nor damages assessed. 2. Sets out the law of New York and bond as in last plea, and asserts that the bond was given to pay $1000 for a piece of land—that he paid $600 to the plaintiff before the judgment, and finding that the land was encumbered by an outstanding mortgage for $500, he abandoned possession before judgment, and so the consideration of the bond has failed. 3. That the defendant had paid the plaintiff $600 on the bond before judgment, and he did not assign breaches and have the damages assessed by a jury.

To these pleas the plaintiff demurred generally.

*T. B. Sturges*, for the demurrant was stopped by the Court.

*Boalt*, for the defendant, made two points:

1. That the judgment in New York was void because it did not assign *breaches* under the law of that state.

2. That the judgment was only prima facie evidence of the debt and might be impeached.

He cited 3 *Saund. R.* 187; 9 *Mass. R.* 462.

*O. Parish*, rose to reply, but was stopped by the Court.

WRIGHT, J. It has been repeatedly decided in this state that judgments recovered in a sister state, where the defendant had day in court, are to be received as conclusive evidence, and that no examination of their grounds can be permitted. 1 *O. R.* 260; 5 *O. R.* 547. The declaration is upon a judgment for $2000. The pleas do not state that the judgment was ex parte, and so lay any foundation for looking back of the judgment. But it is said, the judgment is void because the suit was upon a penal bond with a condition, and no breaches were assigned under the statute. Non constat that the suit in New York was on a bond with a condition. The declaration there is upon a bond, and, as it appears, a single bill. The defendant did not set out the condition, and it forms no part of the record; if then, it were conceded that in a proper case, you might take advantage of the irregularity of judgments, this case does not open the door for applying the rule. But that cannot be done, surely not if the judgment is conclusive. The want of jurisdiction of the sub-

[Grover v. Clark.]

ject would make the judgment void; but that is not pretended here. It is claimed the judgment is void because it is erroneous.  This Court decided in *Wier* v. *Zane*, 3 *O. R.* 306, that 'however irregular, the solemn judgment of a competent and authorized tribunal cannot be treated as a nullity;' and 'although the proceeding upon which it is predicated may be unknown to our jurisprudence, still, as in all other judgments, they are not open for inquiry, except in a regular mode of re-investigation, on a writ of error or certiorari.'  This case is within this decision.  The court in New York was competent to adjudicate on this matter, and has done so.  It is admitted the statute requiring breaches to be assigned on bonds with condition, is imperative, and it is probable this judgment would be reversed in the New York Court of Errors, but we cannot examine the proceedings as a Court of Error.  Till reversed the judgment is conclusive on us.  The pleas therefore present no bar to the plaintiff's right, and the demurrer must be sustained.

Judgment for the plaintiff.